**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY CORNER | ) | |
| | ) | No. 1:23-CV-14270 |
| Plaintiff, | ) | No. 1:24-CV-02093 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| LORI CHAVEZ-DeREMER, Secretary, U.S. | ) | |
| Department of Labor, and TRACY L. | ) | |
| SHANKER, Chief, Division of Enforcement, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Mary Corner is a United States Postal Service employee and is a member of the American Postal Workers Union, Northwest Illinois Area Local, Local 7140 (the union).[1] No. 23-CV-14270, R. 6, Case 1 Am. Compl., Exh. A; No. 23-CV-14270, R. 22, Case 1 Mot. Mem. at 2. After the union had an election on April 28, 2023, Corner filed a complaint with the Department of Labor, alleging ballot fraud and other irregularities, in violation of Title IV of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 481–83. Case 1 Am. Compl., Exh. A. The Department then investigated Corner's allegations but informed her in August 2023 that its findings did not provide a basis for action to set aside the union election. *Id.* The Department also told Corner that it would send her, at a future date, a statement of reasons setting forth the basis for the decision. *Id.*

Then, in October 2023, Corner sued Julie Su,[2] the then-Acting Secretary of Labor, and Tracy Shanker, the Chief of the Department's Division of Enforcement,

---

[1]Citations to the record are the case number, followed by "R." and the docket entry number, and, if needed, a page or paragraph number.

[2]Because the new Secretary of Labor is Lori Chavez-DeRemer, under Federal Rule of Civil Procedure 25(d), she is automatically substituted for the formerly named Acting Secretary of Labor. For ease of reference, this Order will refer to the Secretary of Labor as "the Secretary" or "the government," rather than using the Secretary's name.

claiming that they refused to give Corner a statement of reasons after completing their investigation into her complaint. No. 23-CV-14270, R. 6, Case 1 Am. Compl. The Defendants moved to dismiss Corner's complaint, arguing that the Court lacks subject matter jurisdiction, that Corner fails to state a claim, and that Shanker is not a proper defendant for this suit. Case 1 Mot. Mem. at 5–9. A few months later, on February 15, 2024, the Department did issue a statement of reasons to Corner, explaining why it chose not to take action to set aside the union election. No. 23-CV-14270, R. 26, Case 1 Defs.' Reply Br., Exh. A. This prompted the Defendants to contend that Corner's suit had been rendered moot. No. 23-CV-14270, R. 26, Case 1 Defs.' Reply Br. at 1–2. But Corner kept litigating her case.

A month after receiving the statement of reasons, Corner filed a separate federal court complaint against the Secretary and Shanker, this time bringing a lawsuit under both the Administrative Procedure Act (APA), 5 U.S.C. § 551 et seq., and the LMRDA, substantively challenging the Department's decision not to file suit regarding the April 2023 union election. No. 24-CV-02093, R. 1, Case 2 Compl. at 1. Shanker moves to dismiss this separate complaint in the second case, claiming that she is again not a proper defendant. No. 24-CV-02093, R. 18, Case 2 Mot. This Order resolves both cases' motions to dismiss.

A Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction, *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009), whereas a Rule 12(b)(6) motion tests the sufficiency of the complaint, *id.* at 820. In order to survive a Rule 12(b)(1) motion, the plaintiff (or whichever party invokes federal jurisdiction) bears the burden of establishing that the district court has subject matter jurisdiction. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021). "If subject matter jurisdiction is not evident on the face of the complaint, [then] the ... Rule 12(b)(1) [motion is] analyzed [like] any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2011), *overruled on other grounds*, *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan*, 570 F.3d at 820. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## I. Mootness

The Defendants contend that Corner's first complaint (Case No. 1:23-CV-14270) should be dismissed because her case became moot after the Department gave her a statement of reasons in February 2024. Case 1 Defs.' Reply Br. at 1–2. That argument is right. Under Article III of the United States Constitution, "federal court jurisdiction is limited to actual, ongoing controversies." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007) (cleaned up). When the issues in a case "are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case is … moot and must be dismissed for lack of jurisdiction." *Id.* (cleaned up). So once "a plaintiff's entire demand is satisfied, there is no dispute over which to litigate," and the case is dismissed under Federal Rule of Civil Procedure 12(b)(1). *Id.* (cleaned up).

Here, the only relief that Corner requests in her first complaint is a statement of reasons from the Department explaining its rationale for not filing suit over the union election. Case 1 Am. Compl. The Department has already satisfied that request. On February 15, 2024, the Department sent Corner a nine-page statement of reasons, explaining why it concluded the union election did not violate the LMRDA and why the Department thus dismissed her complaint. Case 1 Defs.' Reply Br., Exh. A. And Corner does not argue that this statement of reasons was inadequate or that it insufficiently detailed the Department's rationale. *See* No. 23-CV-14270, R. 28, Pls.' Sur-Reply Br. So Corner's entire demand has been satisfied, leaving no dispute left to litigate.

Corner counters that the case is not moot because there are legal questions yet to be decided, namely whether the timing of the statement of reasons was too late and whether Shanker should be dismissed as a defendant. *Id.* at 1–2. But the fact that legal questions remain does not mean that the case is still live. Once Corner's demand has been satisfied, the case is moot, and the Court may not issue an advisory opinion on the legal questions that Corner identifies. *See Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992). The Defendants' first motion to dismiss is thus granted.

3

## II. Shanker as a Defendant

With respect to Corner's second complaint—this time substantively challenging the Department's decision to not file suit over the contested election—Shanker moves individually to dismiss the claims against her. Case 2 Mot.; Case 2 Compl. Shanker asserts that she is not a proper defendant and that the Secretary is the sole correct defendant for Corner's APA and LMRDA claims. Case 2 Mot. at 1–2. That is right.

Under Title IV of the LMRDA, the Secretary of Labor has exclusive authority to bring suit to set aside union elections that violate Title IV. 29 U.S.C. §§ 482–83. So a union member seeking to challenge an election must submit a complaint to the Secretary of Labor (as Corner did). 28 U.S.C. § 482(a). Then, the Department investigates the member's grievances and allegations, decides whether to file a suit to challenge the election in question, and issues a statement of reasons (as the Department did). *Id.* at § 482(b). If the Department decides to not take action and the member is unsatisfied with that outcome, then she can file suit in federal court to challenge the decision (as Corner did with her second complaint). *Dunlop v. Bachowski*, 421 U.S. 560, 568–69 (1975). Finally, the Court reviews the Department's decision under an arbitrary and capricious standard of review. *Id.* at 575.

Because the Secretary is the only individual with the authority to file suit to challenge an election and is the person ultimately responsible for the decision here to not sue over the April 2023 union election, the Secretary is the only proper defendant for Corner's second complaint. 29 U.S.C. §§ 482–83. Though Shanker signed off on the statement of reasons, that does not matter. Under the APA, the correct defendant is the officer "personally responsible for compliance" with the injunction that the plaintiff requests. 5 U.S.C. § 702. Here, the only officer that has the authority to provide Corner's requested relief—suing to set aside the union election—is the Secretary, not Shanker, the Chief of the Department's Enforcement Division. Plus, as Shanker correctly notes, Corner does not make any unique allegations against Shanker, nor does she seek any specific relief as to Shanker. *See* Case 2 Compl. So the Secretary is only proper defendant in this case, and Shanker must be dismissed. Shanker's second motion to dismiss is granted, leaving the Secretary as the sole remaining defendant.

The Defendants' motion to dismiss, No. 23-CV-14270, R. 21, Corner's first complaint is granted. Final judgment shall be entered in that case. In the second case, Shanker's motion to dismiss, No. 24-CV-02093, R. 18, is granted. Case No. 24-CV-

02093 now proceeds against only the Secretary of Labor under the APA and the LMRDA, so the parties shall provide the relevant administrative record by April 14, 2025. After the filing of the administrative record, the Court will set a summary judgment briefing schedule.

ENTERED:

s/Edmond E. Chang

Honorable Edmond E. Chang
United States District Judge

DATE: March 28, 2025