**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARY CORNER, | |
| Plaintiff, | No. 1:24-CV-02093 |
| v. | Judge Edmond E. Chang |
| LORI CHAVEZ-DeREMER, Secretary of the U.S. Department of Labor, | |
| Defendant. | |

**ORDER**

Mary Corner believes that her local union, a chapter of the American Postal Workers Union, held elections in 2023 that did not comply with her union's constitution. R. 1, Compl. at 1; R. 46, Pl.'s Br. at 2. In Corner's view, the election ballots were improperly printed by a non-union printer, so the results should be vacated in favor of a redone, supervised election. Compl. at 1; Pl.'s Br. at 2.

She raised this argument to the local election committee and again to the national appeals committee before finally filing a complaint with the United States Department of Labor. R. 37, Pl.'s Admin. Record at 5, 9, 12. In response to Corner's complaint, the Secretary of Labor issued a statement of reasons, concluding in relevant part both that the ballot-printing issue did not violate the union's constitution and that the alleged issue did not affect the outcome of the election. *Id.* at 18–20. So in the absence of a violation and an effect on an election's outcome, the Secretary determined that the Department could not file a legal action to overturn the union election under the appropriate provision of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 482(b). Pl.'s Admin. Record at 20.

Corner now seeks judicial review of that agency decision, 5 U.S.C. § 706, and she maintains that the union failed to follow its laws in holding the 2023 elections.[1]

---

[1]This Court has federal-question jurisdiction over this case. 28 U.S.C. § 1331.

Pl.'s Br. at 2. The government moves to dismiss the complaint for failure to state a claim, and moves in the alternative for summary judgment. R. 41, Def.'s Mot. at 1. Corner responds via a motion to "deny" the government's motion, and the Court construed the response as a cross-motion for summary judgment. *See* R. 45, Pl.'s Mot. at 1; R. 47, 06/16/25 Minute Entry. Because the Court considers materials outside of the pleadings (namely, the Labor Department's statement of reasons), the Court construes the government's motion as one for summary judgment. *See Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (citing Fed. R. Civ. P. 12(d)).

This Court reviews the government's statement of reasons under the Administrative Procedure Act's familiar arbitrary-and-capricious standard. *See generally Dunlop v. Bachowski*, 421 U.S. 560 (1975), *overruled in part on other grounds by Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley*, 467 U.S. 526, 549 n.22 (1984). In full, the standard tasks reviewing courts with setting aside or holding unlawful any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Corner attempts to parse the standard by arguing that she claims only that the Department's statement of reasons was not in accordance with law (and not arbitrary or capricious). R. 49, Pl.'s Reply at 1–2. But the standard and its separate descriptors come together here to mean one thing: is there a "rational and defensible basis" for the Secretary's statement of reasons? *Dunlop*, 421 U.S. at 573 (cleaned up);[2] *see also Santo's Italian Café LLC v. Acuity Ins. Co.*, 15 F.4th 398, 406 (6th Cir. 2021) ("Lawyerly doublets and triplets sometimes amount to nothing more than manners of speaking and emphasis ….").

Summary judgment for the Department is appropriate for two reasons. First, Corner offers no persuasive reason that the statement of reasons reached the wrong result, let alone an arbitrary and capricious one, for concluding that the alleged ballot-printing violation did not affect the outcome of the election. Even if it were true, as Corner continues to assert, that her union's election failed to comport with the union's constitution, the Department that it was legally unable to bring suit unless the violation *also* affected the election's outcome. Pl.'s Admin. Record at 20 (citing 29 C.F.R. § 452.136); *see also Dunlop*, 421 U.S. at 570. Corner's failure to develop any

---

[2]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

argument on this second critical requirement standing alone warrants an entry of summary judgment for the Department. *See Riley v. City of Kokomo*, 909 F.3d 182, 190–91 (7th Cir. 2018) (affirming entry of summary judgment "on the ground that [plaintiff] failed to develop coherent arguments").

Second, the Department's determination was rational and defensible, so the determination was lawful. On the ballot-printing issue, the Department considered the merits of Corner's claim but explained both why, based on the union's interpretation of its constitution, there was no violation at all and why, even if there were a violation, it did not affect the outcome of the election. Pl.'s Admin Record at 18–20. The latter conclusion followed a substantial investigation to ensure that there was no ballot fraud or irregularity. *Id.* at 2–3. Corner challenges none of the Department's reasoning, and she merely re-asserts that the ballots were improperly printed in violation of the union's constitution.

For the sake of completeness, the Court addresses Corner's remaining arguments. First, Corner repeatedly insists that she properly exhausted her administrative remedies on the ballot-printing issue. Pl.'s Br. at 1–2; Pl.'s Reply at 4–5. And that's exactly what the Department determined too, Pl.'s Admin. Record at 18 n.1; R. 42, Def.'s Br. at 3 n.2, so there is no dispute about exhaustion. Second, Corner claims that the Department's statement of reasons was arbitrary and capricious because she considered *too many* issues. *See* Pl.'s Br. at 3–5; Pl.'s Reply at 3–6. That the Department covered its bases does not make the statement of reasons unreasonable or unreasonably explained. *Cf. Grand Trunk Corp. v. Transp. Sec. Admin.*, 153 F.4th 517, 527 (7th Cir. 2025). Finally, Corner suggests that the Department is criminally liable for false statements either because she falsely cited a joint status report that does not exist, Pl.'s Br. at 6, or because the statement of reasons "is the false statement[]," Pl.'s Reply at 6–7. But the parties did file a joint status report in this case, R. 22, Joint Status Report, and the fact that Corner disagrees with the statement of reasons does not make it false, let alone criminal.

The Court denies Corner's cross-motion for summary judgment, R. 45, and grants the Department's motion for summary judgment, R. 41. The case is dismissed, and final judgment shall be entered.

It is worth pointing out that this was not Corner's first challenge to her union's elections. *See Corner v. Walsh*, 2022 WL 2287559, at *1 (7th Cir. June 24, 2022). The Seventh Circuit has thrice told her to stop her frivolous litigation, but she is

undeterred. *Id.* at *2. On or before April 17, 2026, Corner shall file a Position State-ment explaining why she should not be referred to the Executive Committee for the United States District Court for the Northern District of Illinois to be added to the restricted-filer list.

ENTERED:

<u>       s/Edmond E. Chang     </u>
Honorable Edmond E. Chang
United States District Judge

DATE: March 27, 2026

4